NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2421
_____

CARLTON THEODORE LANDIS,
Appellant

v.

CORRECTIONAL OFFICER MOYER; FEDERAL BUREAU OF PRISONS
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-19-cv-00470)
U.S. District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 4, 2024
_____

Before: SHWARTZ, RENDELL, and AMBRO, <u>Circuit Judges</u>.

(Filed: March 5, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Carlton Landis appeals the District Court's order dismissing his Eighth Amendment excessive force claim against Correctional Officer Chad Moyer. For the reasons set forth herein, we will affirm.

I[1]

A

While incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, Landis shared cells with other prisoners who threatened, harassed, and attacked him because they believed that he cooperated with federal authorities. Landis filed grievances protesting his dangerous cell assignments, following which prison officials allegedly retaliated against him by temporarily revoking his recreation privileges. After Landis's recreation privileges were reinstated, he informed Moyer, who was escorting Landis back to his cell, that other prisoners had threatened and harassed him during recreation because they believed that he was a cooperator. In response, Moyer threw Landis against a wall, pressed his elbow against Landis's neck, shoved his knee against Landis's testicles, and told Landis that he was a "bitch" and "wouldn't have to worry about that" if he had not "snitch[ed]." App. 34-35. Landis, who was handcuffed, pleaded with Moyer to stop,

---

[1] When reviewing an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept the facts in the complaint as true and construe them in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). We also construe pro se pleadings "liberally" and hold them to "less stringent standards than formal pleadings drafted by lawyers." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

2

which led Moyer to jab his knee harder into Landis. As a result of Moyer's assault, Landis suffered bruising, soreness, swelling, pain, and emotional distress. Landis filed a grievance about the incident, and prison officials allegedly retaliated by again revoking Landis's recreation privileges.

B

Landis sued Moyer for use of excessive force in violation of the Eighth Amendment pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2] The District Court dismissed his complaint, holding that (1) Landis's Eighth Amendment excessive force claim arises in a context that differs from those the Supreme Court has approved for relief under <u>Bivens</u>; and (2) the availability of the BOP Administrative Remedies Program ("BOP Program"), among other reasons, counsels against extending <u>Bivens</u> to this new context. <u>Landis v. Moyer</u>, 610 F. Supp. 3d 649, 656-60 (M.D. Pa. 2022).[3] Landis appeals.

---

[2] Landis also asserted claims against Moyer and the Federal Bureau of Prisons ("BOP") under the Administrative Procedures Act and the Federal Torts Claims Act, a <u>Bivens</u> claim against Moyer in his official capacity, and state-law tort claims, but he does not raise them on appeal, and so arguments about them are forfeited. <u>See</u> Travitz <u>v. Ne. Dep't ILGWU Health & Welfare Fund</u>, 13 F.3d 704, 711 (3d Cir. 1994) ("When an issue is not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal.").

[3] The District Court also relied on Congress's omission of a "standalone damages remedy against federal jailers" from the Prison Litigation Reform Act as another special factor that counsels against extending <u>Bivens</u> to this context, <u>Landis</u>, 610 F. Supp. 3d at 660, but we have rejected this view. <u>See</u> <u>Bistrian v. Levi</u>, 912 F.3d 79, 93 (3d Cir. 2018) (noting that because the PLRA "govern[s] the process by which federal prisoners bring <u>Bivens</u> claims[,]" it "cannot rightly be seen as dictating that a <u>Bivens</u> cause of action

3

II[4]

Landis seeks relief under Bivens for an alleged Eighth Amendment excessive-force violation. Bivens created a cause of action that allows a plaintiff to sue a federal officer for damages for constitutional violations. Bivens, 403 U.S. at 395-97. The Supreme Court has permitted such claims in very few circumstances, and expanding those circumstances is "a disfavored judicial activity." Egbert v. Boule, 596 U.S. 482, 491 (2022) (quoting Ziglar v. Abbasi, 582 U.S. 120, 135 (2017)). Thus, when presented with a constitutional claim for damages against a federal official, we ask first whether the claim arises in a Bivens context "meaningful[ly] different from the three cases in which the [Supreme] Court has implied a damages action."[5] Xi v. Haugen, 68 F.4th 824, 833 (3d Cir. 2023) (citing Egbert, 596 U.S. at 492 (citing Abbasi, 582 U.S. at 139)). If the answer is yes, then the context is new and a Bivens action will be unavailable if any

---

should not exist at all" (citations omitted)); see also Mack v. Yost, 968 F.3d 311, 324 (3d Cir. 2020) (rejecting this argument, "as it would arguably foreclose all Bivens claims brought in the prison context").

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo its order granting a motion to dismiss. City of Edinburgh Council v. Pfizer, Inc., 754 F.3d 159, 166 (3d Cir. 2014).

[5] See Egbert v. Boule, 596 U.S. 482, 490 (listing the three contexts as: (1) the violation of an arrestee's Fourth Amendment right to be free from unreasonable searches and seizures, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 397 (1971); (2) the violation of due process under the Fifth Amendment based on sex discrimination, see Davis v. Passman, 442 U.S. 228, 245-48 (1979); and (3) a violation of the Eighth Amendment based on a prison official's failure to provide adequate care, see Carlson v. Green, 446 U.S. 14, 19-23 (1980)).

"special factors" counsel hesitation against extending <u>Bivens</u>. <u>Hernandez v. Mesa</u>, 140 S. Ct. 735, 743 (2020). These special factors include:

> [1] the existence of an alternative remedial structure[;] . . . [2] separation-of-powers principles[;] . . . [3] the potential cost to the government of recognizing a private cause of action, both financially and administratively; [4] whether the judiciary [as opposed to Congress] is well suited to weigh those costs; [5] the necessity to deter future violations; [6] whether Congress has already acted in that arena, suggesting it does not "want the Judiciary to interfere;" [7] whether a claim addresses individual conduct or a broader policy question; [8] whether litigation would intrude on the function of other branches of government; and [9] whether national security is at stake.

<u>Bistrian v. Levi</u>, 912 F.3d 79, 90 (3d Cir. 2018) (quoting <u>Abbasi</u>, 582 U.S. at 133-46).[6]

Here, Landis's Eighth Amendment excessive force claim arises in a new context. Although the Supreme Court recognized a <u>Bivens</u> action based upon an Eighth Amendment claim for failing to provide a prisoner adequate medical care in <u>Carlson v. Green</u>, 446 U.S. 14, 19-23 (1980), it has not recognized an Eighth Amendment claim arising from a correctional officer's use of excessive force against a prisoner. Because <u>Carlson</u> arises from medical care and this case arises from a correctional officer's alleged use of excessive force, Landis's claim presents a new context. <u>See</u> <u>Hernandez</u>, 140 S. Ct. at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."); <u>Chambers v. C. Herrera</u>, 78 F.4th 1100, 1107-08 (9th Cir. 2023) (concluding that an Eighth Amendment excessive force claim is materially different than the Eighth

---

[6] The first two factors—the existence of an alternative remedial structure and separation-of-powers principles—are "particularly weighty." <u>Bistrian</u>, 912 F.3d at 90.

Amendment deliberate indifference to medical needs claim recognized in Carlson, and, thus, arises in a new context); Silva v. United States, 45 F.4th 1134, 1137 (10th Cir. 2022) (same).[7]

Because Landis's claim arises in a new context, we next consider whether any special factors counsel against extending Bivens. Egbert, 596 U.S. at 492. As stated above, one special factor we consider is the existence of alternate remedies, which "alone may limit the power of the Judiciary to infer a new Bivens cause of action." Abbasi, 582 U.S. at 137. Here, the BOP Program provides such a remedy and, thus, counsels against extending Bivens to an Eighth Amendment excessive force claim. Silva, 45 F.4th at 1141. The fact that the BOP Program may not provide the full relief that Landis seeks is of little consequence because the analysis focuses on whether the existence of the alternate remedy shows that Congress viewed itself or the Executive as "better suited to 'weigh the costs and benefits of allowing a separate damages action to proceed.'" Egbert, 596 U.S. at 496 (quoting Abbasi, 582 U.S. at 136)); cf. Egbert, 596 U.S. at 493 (noting that the question is not whether the alternate remedy provides complete relief or may leave a wrong "unredressed" (quoting Bush v. Lucas, 462 U.S. 367, 388 (1983))).

---

[7] Other Courts of Appeals have also held that an Eighth Amendment excessive force claim is different than an Eighth Amendment deliberate indifference claim and that special factors counsel against extending Bivens to the excessive force context. Farrington v. Diah, No. 22-13281, 2023 WL 7220003, at *1-2 (11th Cir. Nov. 2, 2023); Patton v. Blackburn, No. 21-5995, 2023 WL 7183139, at *2 (6th Cir. May 2, 2023); Greene v. United States, No. 21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022).

Furthermore, Egbert dictates that we may not consider the balance of circumstances in a "particular case" (here, possible retaliation for use of the BOP Program), 596 U.S. at 496, in determining whether an alternate remedy is available.[8]  Because the BOP provides an alternate remedy, a Bivens action for use of excessive force in violation of the Eighth Amendment is unavailable.[9]

## III

For the foregoing reasons, we will affirm the District Court's order dismissing Landis's Eighth Amendment excessive force claim.

---

[8] On this point, Egbert explained that applying the "special factors analysis at such a narrow leve[l] of generality" will "impai[r] governmental interests and thereby frustrate Congress'[s] policymaking."  596 U.S. at 496 (internal quotation marks and citations omitted)).

[9] An alternate remedial scheme alone is enough to decline to extend Bivens "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence."  Egbert, 596 U.S. at 498.  Thus, the fact that the BOP Program is a regulatory creation rather than a creature of Congress does not render it an inadequate alternate remedy.  See Silva, 45 F. 4th at 1141 (rejecting the argument that "the BOP Program is inadequate because it is a regulatory scheme rather than a congressionally mandated one").